IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,258-01






EX PARTE ANGEL GALVAN RIVERA









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 45906-41-1 IN THE 41ST DISTRICT COURT

EL PASO COUNTY




 Per Curiam.


O P I N I O N



 This is an application for a writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure Article 11.07.

 In June 1986, a jury found applicant guilty of the offense of capital murder committed
in October 1984. The jury answered the special issues submitted pursuant to Texas Code of
Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Rivera v. State, 808 S.W.2d 80 (Tex. Crim. App. 1991). Applicant filed his initial
post-conviction application for writ of habeas corpus in the convicting court on August 31,
1995. Having discovered that a writ application had been filed in the trial court in 1995 that
had never been forwarded, this Court on August 20, 2012, ordered the trial court to resolve
the issues raised in the writ application and have the clerk forward it to this Court within a
certain period of time. 

 This Court received the record of the case complete with signed findings and
conclusions on November 19, 2012. However, it was later discovered that applicant's
counsel had never been notified of this Court's order. Therefore, counsel did not have a
chance to participate in the trial court's resolution of the issues. Accordingly, we remanded
the case to the trial court to resolve the issues presented in the writ application with the
appropriate participation of counsel on both sides on January 30, 2013. 

 Applicant presents nine allegations in his application in which he challenges the
validity of his conviction and resulting sentence. Based upon an agreed stipulation with the
State, applicant has agreed to waive all allegations challenging the validity of his conviction
(allegations one through four, six, and part of eight); these claims are dismissed as waived. 
The trial court adopted the parties' agreed findings of fact and conclusions of law which
recommend relief based upon ineffective assistance of counsel as set out in allegation five.

 This Court has reviewed the record with respect to the ineffective assistance of
counsel allegation made by applicant. Based on the habeas court's findings and conclusions
and our own review, we hold that applicant's counsel failed to investigate applicant's
background or present mitigating evidence at the punishment phase in violation of Rompilla
v Beard, 545 U.S. 374 (2005). See also Wiggins v. Smith, 539 U.S. 510 (2003); Williams v.
Taylor, 529 U.S. 362 (2000). Therefore, relief is granted. We dismiss as moot applicant's
remaining challenges to his sentence (allegations seven, part of eight, and nine).

 We vacate applicant's sentence and remand the case to the trial court for a new
punishment hearing or other proceeding consistent with this opinion. See Tex. Code Crim.
Proc. art. 44.251(c).


DELIVERED: DECEMBER 11, 2013 

DO NOT PUBLISH